IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GUSTACIA JOHNSON, | Civil Action No. |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| SOUTHERN VETERINARY PARTNERS, LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Gustacia Johnson ("Plaintiff"), by and through her undersigned counsel, and files this, her Complaint for Damages against Defendant Southern Veterinary Partners, LLC, ("Defendant") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of her rights under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

1

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

### 3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

### 4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff's Notice of Right to sue on October 26, 2023.

### 5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

### 6.

Plaintiff is an African-American citizen of the United States of America and is subject to the jurisdiction of this Court.

### 7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

### 8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## FACTS

### 9.

In or about July 2022, Defendant took over ownership of the location Plaintiff worked at as a concierge. Plaintiff had been employed in the position, since September 2021, prior Defendant becoming Plaintiff's employer.

### 10.

Plaintiff is African-American/black. In or about late December or early January 2023, a new white manager, Jocelyn Myers, became the manager of the location at which Plaintiff worked.

11.

Prior to Defendant taking ownership of the location, all or almost all of the concierges at the location were African-American.

12.

In or about late March or early April 2023, Myers hired a Caucasian concierge, Alexis McGrady.

13.

Plaintiff discovered that McGrady was making two dollars per hour more than Plaintiff.

14.

 Plaintiff also learned that McGrady was making more than all the other African-American Concierges.

15.

In or about April 2023, Plaintiff complained to Myers that it did not make sense that a new Caucasian Concierge, who had just been hired, was being paid more than her.

16.

When Plaintiff asked why that was the case, Myers told Plaintiff it was because cost of living had been increased since she had been hired.

17.

Plaintiff then asked for a raise because the cost of living was the same for everyone.

18.

Plaintiff received a fifty-cent raise, meaning her compensation was still one dollar and fifty-cents less than McGrady.

19.

Plaintiff subsequently complained to Priya Singh, Pet Resort and Boarding Director, at the end of April 2023, telling her that McGrady, a new white concierge, was making more than her and that the reason Myers gave for the disparity did not make sense.

20.

In or about April 2023, after McGrady started, Plaintiff observed that African-American concierges' hours, including Plaintiff's, began to be cut.

21.

Myers went on to hire two more Caucasian Concierges during the period of April to July 2023.

22.

These new white Concierges were brought in at the same rate as McGrady.

23.

Two African-American concierges had their hours cut to the point where they were forced to resign and find other employment.

24.

In or about June or July 2023, Myers gave a raise and promotion to another Caucasian employee, Lauren.

25.

As a result, in the following days, Plaintiff once again complained to Myers that Caucasian concierges were being paid more than African-American concierges.

26.

Then, on or about August 1, 2023, Myers terminated Plaintiff.

27.

Although Plaintiff was told she was being terminated for her work performance, she had never been written up for her work performance, prior to her termination.

28.

On Plaintiff's separation notice, Defendant stated that Plaintiff had quit.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse actions, this reason is a pre-text for unlawful retaliation, in response to Plaintiff's protected activity.

## **COUNT I: Retaliation in Violation of 42 U.S.C. § 1981**

30.

Plaintiff re-alleges paragraphs 9-29  as if set forth fully herein.

31.

Defendant terminated Plaintiff in retaliation for engaging in protected activity.

32.

42 U.S.C. § 1981 prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

33.

Plaintiff's complaints and opposition to race discrimination against African Americans, constitutes protected activity under 42 U.S.C. § 1981.

34.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from engaging in protected activity.

35.

There was a causal connection between the protected conduct and the adverse action of termination.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

37.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **COUNT II: Retaliation in Violation of Title VII**

38.

Plaintiff re-alleges paragraphs 9-29  as if set forth fully herein.

39.

Defendant terminated Plaintiff in retaliation for engaging in protected activity.

40.

Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

41.

Plaintiff's complaints and opposition to race based discrimination against African Americans constitutes protected activity under Title VII.

42.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from engaging in protected activity.

43.

There was a causal connection between the protected conduct and the adverse action of termination.

44.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

45.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest,

reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)   Grant Plaintiff General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)   Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)   Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G)   Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 20th day of November, 2023.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com